**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Paul A. Cassidy,

                  Plaintiff,      Case No. 25-13357

v.                         Judith E. Levy
                              United States District Judge

Metropolitan Life Insurance
Company,                     Mag. Judge David R. Grand

                  Defendant.

_____/

**OPINION AND ORDER DISMISSING CASE WITHOUT**
**PREJUDICE AND DENYING AS MOOT DEFENDANT'S**
**<u>MOTION TO DISMISS [5]</u>**

Plaintiff Paul A. Cassidy, as personal representative of Estate of

Kathleen Anne Cassidy Van Dame, filed the complaint in this case on

September 24, 2025, in the 16th Circuit Court for Macomb County. (ECF

No. 1.) The case was removed to this Court on October 22, 2025, by

Defendant Metropolitan Life Insurance Company. (*Id.*)

On November 26, 2025, Defendant filed a motion to dismiss which

was served on Plaintiff via CM/ECF. (ECF No. 5.) Plaintiff's response to

the motion was due within 21 days after service of the motion. E.D. Mich.

L.R. 7.1(e)(2)(A). Plaintiff has not filed a response to the motion, and the applicable period to file his response has run.

Because Plaintiff failed to file a response to the motion to dismiss, the Court issued an order to show cause on January 26, 2026, ordering Plaintiff to show cause, in writing, by February 4, 2026, why the Court should not dismiss the complaint for failure to prosecute pursuant to Local Rule 41.2. (ECF No. 8.) Plaintiff did not file a response to the Court's order to show cause.

The Court dismisses this case without prejudice due to Plaintiff's failure to comply with the Court's order and his failure to prosecute the case. *See* Fed. R. Civ. P. 41(b); E.D. Mich. LR 41.2; *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008); *Link v. Wabash R. Co.*, 370 U.S. 626, 630–33 (1962). Federal Rule of Civil Procedure 41(b) "provides for dismissal of an action where the plaintiff has failed 'to prosecute or to comply with these rules or a court order.'" *Bonanno v. Virginia*, No. 22-5546, 2023 WL 8867912, at *2 (6th Cir. June 26, 2023) (quoting Fed. R. Civ. P. 41(b); citing *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991)), *cert. denied*, 144 S. Ct. 850 (2024), *reh'g denied*, 144 S. Ct. 1133 (2024).

When contemplating the dismissal of a case under Rule 41(b), the Court considers the following four factors:

> (1) Whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Bay Corrugated Container, Inc. v. Gould, Inc.*, 609 F. App'x 832, 835 (6th Cir. 2015) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "While none of these factors is dispositive, a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (citing *Knoll*, 176 F.3d at 363; *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)).

Here, the first factor favors dismissal. "To show that a party's failure to comply was motivated by bad faith, willfulness, or fault, the conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Mager v. Wis. Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (alteration in original) (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013)). Plaintiff has not responded to the Court's show cause order, nor

Defendant's motion to dismiss. In fact, Plaintiff has not made any filings in this case since it was removed in October, 2025. "Although his conduct does not establish bad faith, it nevertheless shows willfulness and fault in that he was at best extremely dilatory in not pursuing his claim[s], which indicates an intention to let his case lapse." *Schafer*, 529 F.3d at 739.

The second factor also favors dismissal. "Assessing prejudice for purposes of Rule 41(b) requires the district court to look to the 'waste[d] time, money, and effort in pursuit of cooperation which [the non-dilatory party] was legally obligated to provide.'" *Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277–78 (6th Cir. 2023) (alteration in original) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005)). Here, Defendant was prejudiced by Plaintiff's conduct. Defendant began litigating the case and filed a motion to dismiss. (ECF No. 5.)

The third factor favors dismissal. Whether the plaintiff was warned about the possibility of dismissal "is . . . a key consideration when determining whether a district court abuses its discretion in dismissing a case pursuant to Rule 41(b)." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998). In this case, the Court ordered Plaintiff to show

cause "why the Court should not dismiss the complaint for failure to prosecute pursuant to E.D. Mich. L.R. 41.2." (ECF No. 8, PageID.55.) The Court's order to show cause constituted a warning to Plaintiff that his cause could be dismissed.

The fourth factor also favors dismissal because the Court considered lesser sanctions prior to this dismissal order. The Court issued an order to show cause. Additionally, Plaintiff has had ample time to make filings in this case. Finally, the Court will dismiss the complaint without prejudice.

The Court therefore concludes that it is not an abuse of discretion to dismiss this case for failure to comply with the Court's order and for want of prosecution. *See* Fed. R. Civ. P. 41(b); E.D. Mich. LR 41.2.

Accordingly, this case is DISMISSED WITHOUT PREJUDICE. Defendant's motion to dismiss (ECF No. 5) is DENIED as MOOT.

IT IS SO ORDERED.

Dated: February 11, 2026             s/Judith E. Levy
Ann Arbor, Michigan                  JUDITH E. LEVY
                                     United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 11, 2026.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager

6